

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

271 Cadman Plaza East
Brooklyn, New York 11201

FJN:RMP/NDB
F. #2022R00883/NY-NYE-865

June 25, 2024

By ECF

The Honorable Allyne R. Ross
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Goran Gogic
                 Criminal Docket No. 22-493 (ARR)

Dear Judge Ross:

        The government respectfully submits this letter in opposition to the defendant's application for a Court order approving the appointment of foreign counsel Andreas Milch to Defense Counsel's Team as that term is defined in the Protective Order ("P.O." or "Order"). (ECF No. 28), ¶ 2.[1]

        As a starting point, the Order's general prohibition of sharing discovery materials with foreign persons serves a critical government interest. This case involves organized, transnational criminal conduct and cooperating witnesses. More specifically, there are foreign persons who are currently beyond the jurisdiction of the Court—and against whom there is no meaningful mechanism for enforcing the Order—who would have a clear motive to retaliate against suspected witnesses or otherwise seek to obstruct justice in this case. Indeed, one clear illustration is that the very Sky ECC data that is the subject of the defendant's application includes, among other things, communications between the defendant and a foreign third-party in which the defendant expressly attempted to solicit the murder of a person in Colombia he suspected of being an informant—and who was subsequently murdered. The government thus

---

        [1]    By letter dated June 7, 2024 (ECF No. 51), the government provided notice on the docket pursuant to the Order, see P.O. ¶ 2, n.2, that the government had appointed Firewall Counsel for purposes of responding to any request, before such request is approved by the Court, for any foreign attorney or national to be considered part of Defense Counsel's Team under the Protective Order. The Order provides for the appointment of Firewall Counsel in case defense counsel wants to explain the reasons for its request to the Court without disclosing those reasons to the prosecution team; since the defense forwent that option by publicly filing its application, the prosecution team is responding. Should defense counsel wish to file a sealed supplement, Firewall Counsel is available to respond in like manner.

has a great need to protect discovery materials in this case, especially those materials that may lead to the identification of government witnesses. The defendant must show a genuine need to justify any departure from the Order's limitations on the dissemination of discovery material, especially the limitation on dissemination to foreign persons against whom enforcement of the Order would be difficult or impossible.

The defendant has not shown such a need. His application urges the appointment of Mr. Milch, a German lawyer, because of Mr. Milch's experience litigating the admissibility of Sky ECC data <u>in Europe</u>. But German and European law will have no application here, where admissibility will be determined solely by the application of U.S. Constitutional law and the Federal Rules of Evidence. To the extent that Mr. Milch's services are useful not for his legal expertise (which appears to be wholly inapplicable here) but rather for his factual or technical expertise relating to Sky ECC, it is unclear from the defendant's application why he should need to receive any discovery material. He should be able to provide factual information about Sky ECC that would apply to all Sky ECC data and not be particular to the data relevant to this case for defense counsel's use when applying American law. And if there is some reason, not stated in the defendant's application, why Mr. Milch does need to analyze the Sky ECC data from this case to provide his services to the defense—in the manner of an expert witness or advisor—that need would not entail any further need to receive <u>all</u> discovery in this case, including discovery that has nothing to do with Sky ECC data but which could expose the identities of potential witnesses.

Accordingly, the government respectfully submits that the defendant has not adequately stated a genuine need for foreign counsel to be added to the defense team under the Order, and his application should be denied. To the extent that defense counsel can articulate a need for Mr. Milch to analyze the specific Sky ECC data that the government has produced in discovery, the government will not object to modifying the terms of the Order to permit counsel to share the Sky ECC data, specifically. The government does object, however, to his being more broadly appointed as a member of Defense Counsel's Team and thus privy to discovery that is unrelated to Sky ECC.

Respectfully submitted,

BREON PEACE
United States Attorney

By:  /s/ Robert Pollack
Nomi D. Berenson
Robert M. Pollack
Assistant U.S. Attorneys
(718) 254-7000

cc: Clerk of the Court (ARR) (by ECF)
Counsel of record (by ECF and E-mail)