

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

NDB/RMP
F. #2022R00883

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

August 26, 2024

By ECF

The Honorable Allyne R. Ross
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Goran Gogic
                   Criminal Docket No. 22-493 (ARR)

Dear Judge Ross:

      The government respectfully submits this letter in opposition to the defendant's August 14, 2024 motion to extend by one month the briefing schedule (Dkt. No. 60), which currently requires that the defendant file his motions by September 16, 2024, with the government's response due on October 14, 2024. The basis for the defendant's motion is that the defendant has retained a second foreign attorney as a consultant (the "Second Consultant") with whom counsel wishes to share discovery and whose consultation the defendant wants to inform his motion. As discussed below, there is no justification to further delay briefing whatever evidentiary matters defense counsel wishes to litigate.

      Pursuant to the protective order entered in this case (Dkt. No. 28), counsel may not share protected discovery material with anyone apart from the defense team; and before he can add any foreign national to the defense team, he must give the government notice and an opportunity to respond and then seek the Court's approval. (Dkt. No. 28 ("Protective Order"), ¶¶ 2, 4.)[1] Earlier this month, defense counsel asked the government to consent to an amendment to the Protective Order to permit counsel to share discovery produced by the government, to the

---

[1] The Protective Order provides defense counsel with the opportunity to address such matters with (and, to the extent it becomes necessary, litigate them against) appointed firewall counsel, in case the justification for seeking foreign counsel involves defense strategy that counsel does not wish to disclose to the prosecution team. (Protective Order ¶ 2, n.2.) Consistent with the Protective Order, the government has appointed Firewall Counsel. (Dkt. No. 51.) Nevertheless, defense counsel has elected not to avail himself of that avenue and has instead included the prosecution team in related communications. To the extent defense counsel wishes to engage with Firewall Counsel at any point, Firewall Counsel remains available.

extent it consists of Sky ECC data, with the Second Consultant. The government previously agreed to such an amendment to the Protective Order permitting counsel to share the Sky ECC data produced as discovery in this case with a previously-retained foreign attorney (the "First Consultant"). (Dkt. No. 58.) Counsel has informed the government that, like the First Consultant, the Second Consultant has expertise in litigating matters related to Sky ECC data in Europe.

The government has informed defense counsel that it does not consent to amending the Protective Order to permit the defendant to share the Sky ECC data with the Second Consultant. Although the government will more fully respond to the merits of any motion defense counsel makes seeking the Court's approval to share portions of discovery with the Second Consultant, the government notes at the outset that, according to public media reporting, the Second Consultant was arrested last fall by Belgian authorities in connection with allegations that he is suspected of membership in a European criminal organization. Maintaining the prohibition of disclosing discovery with the Second Consultant does not prevent him from providing defense counsel with the benefit of his expertise litigating evidentiary matters related to Sky ECC data. Moreover, defense counsel has already been granted authority to share the data with the First Consultant, who counsel retained specifically for his expertise in these matters. Finally, it remains unclear why a consultant would need access to the underlying data to be able to provide support briefing whether such evidence is admissible. Presumably similar, if not the same, arguments to preclude Sky ECC data could be made across all cases involving Sky ECC data. Defense counsel has informed the government that it will move the Court to permit him to share the Sky ECC data with the Second Consultant, at which time the government will respond to the merits of any motion. There is, however, no reason to further delay proceedings in this case. The defendant was arrested in October 2022. The government respectfully asks that the Court maintain the current briefing schedule and, if appropriate after the Court rules on the anticipated motions, schedule trial.

Respectfully submitted,

BREON PEACE
United States Attorney

By:   /s/ Nomi D. Berenson
Nomi D. Berenson
Robert M. Pollack
Assistant U.S. Attorney
(718) 254-6308/6232

cc:    Clerk of the Court (ARR) (by ECF)
       Counsel of record (by ECF and E-mail)