# RUBINSTEIN & COROZZO, LLP
COUNSELORS AT LAW

260 MADISON AVENUE, 22ND FLOOR
NEW YORK, N.Y. 10016
TELEPHONE (212) 545-8777; FAX (917) 722-8206
INFO@RUBCORLAW.COM

RONALD RUBINSTEIN
JOSEPH R. COROZZO

ANGELA D. LIPSMAN (NY; NJ)

Of Counsel:
MARSHALL A. MINTZ

August 27, 2024

Judge Allyne R. Ross
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Gogic
  22 CR 493 (ARR)

Dear Judge Ross,

     I represent Defendant Goran Gogic ("Gogic"). I write in reply to the Government's Opposition, ECF # 61, to Defendant's request for an extension of the motion schedule, ECF # 60.[1]

## BACKGROUND

     The Government in discovery has provided the defense with what is purportedly reproduction of our client's electronic communications seized from the server of an encrypted communication platform known as Sky ECC. Sky ECC used encrypted message protocols that ensured that any message sent between two devices could only be read by the sender and receiver. These messages were sent in a special encrypted format that was unreadable by unauthorized persons. In order to intercept the communications maintained and communicated over the Sky ECC platform, the French and Belgium government hacked the server by using the services of a private (non-governmental) company to at first seize the entirety of communications maintained by the server. Without any particularized probable cause, this private company, at the direction of Belgium law enforcement, seized countless communications from countless individuals located throughout the world.

---

[1] As mentioned in the Government's Opposition, the Government assigned Firewall Counsel. We have copied both the assigned prosecutors and Firewall Counsel on communications. However, the Government has apparently taken the stance that Firewall Counsel need not be involved in any applications that are publicly filed, given that the assigned prosecutors are copied on all public filings. For our part, the defendant has thus far not found any grounds that overcome the presumption that the public shall have access to court filings.

1

While the methods of this hack have never been disclosed to any court, it is understood that once the initial communications were seized, a "minor software" was added that enabled law enforcement to continuously seize any communication occurring over Sky ECC. As the communications were seized, law enforcement then used a search engine that used key words to search millions of chats in the hopes of detecting criminal activity.[2]

Once extracted, the data was independently converted to an Excel spreadsheet, removing much of the file properties contained in the original communications.

In our case, it is only the Excel spreadsheets that have been turned over, not the original data or metadata. The Excel spreadsheets we have seen are missing the metadata that could determine the reliability of the communication reproductions, are missing at least one side of purported conversations, and are inconsistent with each other. We are consulting with counsel from other jurisdictions and have determined that Excel spreadsheets have been given in different forms in different countries, many times containing different data.

Mr. Gogic was indicted on October 28, 2022. He was arrested in Florida on October 31, 2022, and, although the Southern District of Florida issued an Order of Removal to this district on November 15, 2022,[3] his initial appearance within this district was not held until January 18, 2023.[4]

I was not retained until August 8, 2023.[5] When I entered the case, the Government represented that discovery was largely complete. This turned out to be false.

There have been nine discovery productions since I was retained[6]—and yet discovery remains incomplete. Defendant sent the Government discovery demands and follow-ups on November 2, 2023, May 9, 2024, May 29, 2024 and July 12, 2024.

A number of the items in our discovery demands remain outstanding, and it was our intent to draft another demand letter in the near future. Cf. July 12, 2024 discovery demand, noting that "it has been over eight months since my discovery demand of November 2, 2023, and yet items 1, 4, 5, 6, 7, 8, 12, 14, and 16 from that demand are still pending." 7/12/24 Demand (emphasis in original).

For example, to this day, we are still missing the original data and metadata from Sky ECC, the reports of investigators and all private entities that conducted the search, and

---

[2] The investigation team used an algorithm to search millions of communications using key search terms. Once the data was extracted, it was submitted to Europol and a Europol "intelligence package" was created containing the information and submitted to various jurisdictions for prosecution.
[3] Rule 5(c)(3) Documents, ECF # 6.
[4] Minute Entry for Initial Appearance - ECF # 9.
[5] Notice of Appearance, ECF # 23.
[6] On September 20, 2023, October 26, 2023, November 14, 2023, January 19, 2024, January 29, 2024, March 18, 2024, April 3, 2024, May 30, 2024 and July 19, 2024.

communications and reports between the investigating countries and the United States authorities (with the exception of *one* cover page, dated July 12, 2024, which the Europeans sent last month to the Government with derivative, Excel data, misrepresenting that the Excel constitutes the Sky ECC data. We asked for the original data and metadata as part of the May 29, 2024 demand letter and reminded the Government that the May 29, 2024 demand was outstanding in our demand letter of July 12, 2024. We have been asking for communications between the U.S. and European authorities since the demand letter of November 2, 2023.

We have been conferring with European lawyers who have experience in dealing with cases involving Sky ECC and other encrypted communication apps. We do still intend to file an application with the Court to share Sky ECC discovery with one of these lawyers over the Government's opposition. (We will address the Government's opposition to that application when we have the bandwidth to prepare the motion to share discovery. For now, we remind the Government, who should know better, that an arrest is not proof of guilt and that they have no grounds to treat it as such.)

Even so, the defendant still needs to find expert witnesses, preferably within the United States, who have the appropriate technological expertise to be able to analyze the data that the Government has shared with us and explain the inconsistencies and unreliability of said data. The reason for finding and retaining said technological expert(s) is twofold: first, when we file our motions to preclude and/or suppress the Excel charts containing derivative Sky ECC data we would be able to use any expert report(s) to help us explain to the Court why the derivative data should not be admitted. While this issue is being litigated in many countries in Europe and in the European Court of Human Rights, we believe that this is a case of first impression in the United States.

Secondly, pursuant to Fed. R. Crim. Pro. 16(b)(1)(C), the Court will eventually have to set a deadline for the defendant to disclose to the Government the witnesses that defendant intends to call as experts during defendant's case-in-chief, including experts' opinions, bases for said opinions, qualifications, etc.

In the event that the Court denies Mr. Gogic's motions to preclude and/or suppress the derivative data, Mr. Gogic will need to have at least one expert witness explain to the jury in layman's terms why the derivative data is unreliable and cannot be trusted.

In setting the deadline for the defendant's expert witness disclosure, the Court must balance the Government's need to have sufficient notice in advance of trial with the defendant's need for time to find and retain experts. As the defendant has not yet found or retained an expert witness for trial, it would still be premature to schedule either a trial date or a deadline for defendant's disclosures.

## DISCUSSION

Although the Government's Opposition, ECF # 61, gives a preview of its objection to the as yet unfiled application to share discovery with a foreign attorney, the only reason the Government proffers for denying defendant's request for an extension of the briefing schedule is

RUBINSTEIN & COROZZO, LLP

that defendant was arrested less than two years ago in October of 2022. As discussed *supra*, that arrest was in Florida and months before the defendant's initial appearance in this district.

The Government has failed to cite any authority for their opposition to defendant's request for an extension of time. The date of arrest is hardly dispositive on a motion for extension of time, when I was not retained until August of 2023, discovery demands and productions have been exchanged through last month (July 2024), and discovery still remains outstanding.

Frankly, given how long it takes for the Government to respond to defendant's discovery demands, and that defendant is still missing critical discovery, we are uncertain as to why the Government is objecting to an extension of both parties' filing deadlines. Certainly the Government cannot actually want Mr. Gogic to have to file motions or go to trial before he is prepared to. (If the Government has an objection to what the new filing deadline for the Government's opposition would be, we are happy to discuss that with the Government and to fashion a proposed modified briefing schedule that works for all concerned. Alternatively, after the defendant files his pretrial motions, if the Government were to require additional time to file their opposition, we would have had no objection to extending their filing deadline. We are thus puzzled why the Government would not extend this courtesy to the defense, when the Government does not go into their motives for their opposition.)

We had hoped that the Government would understand the need for us to be thorough in our due diligence in defending a case of first impression in the United States, a case that requires both legal and technical experts. Yet we cannot escape the feeling that the Government is looking for every conceivable avenue to obstruct defendant's effective assistance of counsel, be it by drafting the Protective Order such that it requires Court approval before adding experienced attorneys to defense counsel's team (a provision that I cannot recall ever seeing in a previous case in my decades of practicing criminal defense in the Eastern and Southern Districts of New York), or by filing an opposition to defendant's request for an extension of time without any warning to defense counsel. (A.U.S.A. Berenson telephoned my associate last week, while I was out of the country, to inquire if we were still seeking the extension of time. After consulting with me, my associate confirmed for the Government that we do still need the extension. The Government responded that they would await our motion to add Mr. Moszkowicz to defense counsel's team, but made no mention of their intention to file an opposition to our request for an extension of time.)

Although defendant is alleged to have conspired with unindicted or separately indicted co-conspirators, Mr. Gogic is the only defendant in the case at bar. He does not have a scheduled trial date and, despite being detained without bail pending trial, has not and is not asking the Court to set a trial date at this time.

An extension of the briefing schedule then, will not disturb a previously set trial schedule. Nor will there be any need to coordinate with co-defendants and co-defendants' attorneys when a trial date is set, as this is not a multi-defendant case.

The Government has not, and cannot, argue that the requested extension would run afoul of the Speedy Trial Act. Indeed, as the Court will recall, time has already been excluded under the Speedy Trial Act until the Court's decision on defendant's anticipated pretrial motions. Order to Continue, ECF # 56.

## CONCLUSION

WHEREFORE, as the Government has not given the Court any grounds for denying defendant's request for an extension of time for the briefing schedule, and for all the reasons in the application and as discussed above, the defendant continues to respectfully request an extension of the motion schedule.

Respectfully submitted,

Joseph R. Corozzo, Esq.

cc: Government (via ECF)