UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
UNITED STATES OF AMERICA,

              -against-

GORAN GOGIC,

              Defendant.
-----------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
22-CR-493 (JMA)

**FILED**
**CLERK**
8/14/2025 11:35 am
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

The Government moves to quash a subpoena duces tecum served on the United States Customs and Border Patrol ("CBP"), and to compel Defendant to disclose the details of any other subpoenas it has served pursuant to Federal Rule of Criminal Procedure 17(c) ("Rule 17(c)"). (ECF No. 108.) Defendant opposes the motion to quash and cross-moves for a so-ordered subpoena for the same records from CBP. (ECF No. 109.) For the following reasons, the Government's motion to quash is granted, Defendant's cross-motion for a so-ordered subpoena is denied, and the Government's motion to compel disclosure of Defendant's other Rule 17(c) subpoenas is denied. Defendant is ordered to file, on an <u>ex parte</u> basis, a list of other Rule 17(c) subpoenas that have been served on third parties with a return date prior to trial, and to seek the Court's approval before serving additional subpoenas demanding the pretrial production of documents.

**I.    BACKGROUND**

On October 28, 2022, a grand jury indicted Defendant Goran Gogic on a four-count indictment for his alleged role in an international narcotics trafficking conspiracy. (<u>See</u> Indict., ECF No. 1.) Two days later, on October 30, 2022, Defendant was arrested at the Miami

International Airport by several CBP officers. (See March 25, 2025 Op. & Order at 2, ECF No. 91.) Following the arrest, Defendant was interrogated by several Homeland Security Investigation ("HSI") agents before he was returned to the custody of CBP. (Id. at 3–5.)

On October 4, 2024, Defendant moved to suppress evidence obtained from a cell phone that was seized on the day of his arrest. (ECF No. 70 at 82–87.) On February 14, 2025, Judge Allyne R. Ross presided over an evidentiary hearing at which the circumstances of Defendant's arrest and subsequent interactions with federal agents were discussed in detail. (ECF No. 89 at 27.) On March 17, 2025, Judge Ross issued an opinion and order denying Defendant's motion to suppress in its entirety. (ECF No. 91.) Shortly thereafter, the case was reassigned to me and the trial date was rescheduled from June 30, 2025 to October 14, 2025. (ECF No. 93.)

On March 28, 2025, after Judge Ross's opinion was filed, Defendant served a subpoena duces tecum (the "Challenged Subpoena") on CBP demanding the production of various materials related to the October 30, 2022 arrest and interrogation. (See Gov't Ex.1, ECF No. 108-1 (copy of the Challenged Subpoena).) The subpoena instructed CBP to produce the demanded materials by April 9, 2025 to either my courtroom or defense counsel's law office in Manhattan. (Id.) On July 23, 2025, the Government filed the instant motion to quash on the grounds that the Challenged Subpoena invites the production of materials at an improper time and place, improperly seeks to circumvent federal discovery rules, and fails to satisfy the criteria set forth in United States v. Nixon, 418 U.S. 683 (1974). (ECF No. 108 at 4–7.) The Government also requests that I order Defendant to disclose all other subpoenas duces tecum that have issued, and any responses received to date. (Id. at 8.) Defendant opposes the motion to quash, arguing, inter alia, that the materials sought may be relevant to a renewed suppression motion, a motion for sanctions against the Government, or to impeach Government witnesses at a future suppression hearing. (ECF No.

109 at 17, 22.) Defendant also opposes the Government's request to compel the production of other subpoenas on the grounds that doing so would improperly infringe on his trial strategy. (Id. at 25.)

Defendant cross-moves for a so-ordered subpoena duces tecum requiring CBP to produce the same materials listed in the Challenged Subpoena. (Id. at 25.) The Government opposes the cross-motion for the same reasons set forth in its motion to quash. (ECF No. 111.).

## II.    DISCUSSION

### A. Defendant's Subpoena

Federal Rule of Criminal Procedure 17 provides that "[a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates." Fed. R. Crim. P. 17(c)(1). "Under Rule 17(c)(2), courts enjoy the discretion to quash or modify a subpoena where 'compliance would be unreasonable or oppressive.'" United States v. Vasquez, 258 F.R.D. 68, 71 (E.D.N.Y. 2009) (quoting Fed. R. Crim. P. 17(c)(2)). Any party, including the Government, "whose legitimate interests are affected by a subpoena" may file a motion to quash. Id. (quotations omitted). The Supreme Court has explained that a subpoena duces tecum is "not intended to provide a means of discovery" beyond what is permitted by Federal Rule of Criminal Procedure 16. Nixon, 418 U.S. at 698. Rather, a subpoena duces tecum permits a defendant to "obtain and inspect *evidentiary* material prior to trial." United States v. RW Pro. Leasing Servs. Corp., 228 F.R.D. 158, 161 (E.D.N.Y. 2005) (emphasis added); see also United States v. Cherry, 876 F. Supp. 547, 552 (S.D.N.Y. 1995) ("The weight of authority holds that in order to be procurable by means of a Rule 17(c) subpoena, materials must themselves be admissible

evidence."). A party that seeks to require the production of documents by subpoena duces tecum prior to trial must show the following:

> (1) [T]hat the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

Nixon, 418 U.S. at 699–700.

As a threshold matter, the Government has standing to challenge the subpoena, which seeks information about the conduct of federal officers who participated in the Government's criminal investigation and who are likely to be called as witnesses at the trial. (See ECF No. 108 at 4 (describing CBP officers as likely witnesses)). As many courts in this Circuit have held, the Government has a legitimate interest in protecting its work product and controlling the timing of disclosures related to cooperating witnesses. See United States v. Bergstein, No. 16-CR-746, 2017 WL 6887596, at *2 (S.D.N.Y. Dec. 28, 2017) (collecting cases). Regardless of whether the Government has standing, I have an independent duty "to ensure that subpoenas are issued only for proper purposes and that they are in compliance with Rule 17." United States v. Khan, No. 06-CR-255, 2009 WL 152582, at *6 (E.D.N.Y. Jan. 20, 2009); see also United States v. Ray, 337 F.R.D. 561, 571 (S.D.N.Y. 2020) ("[A district court] can resolve the propriety of a Rule 17(c) subpoena on the Government's motion even if the Government lacks standing because it is the Court's responsibility to ensure that the subpoena is for a proper purpose and complies with the requirements of Rule 17(c)." (quotations omitted)).

Turning to the merits, I conclude that the Challenged Subpoena fails to satisfy several of the Nixon criteria. See Nixon, 418 U.S. 698–99 (explaining that party seeking production must clear the "three hurdles" of "(1) relevancy, (2) admissibility, [and] (3) specificity."). First, the

4

Challenged Subpoena fails the specificity requirement because it is overbroad. The Challenged Subpoena seeks six categories of materials including, inter alia, materials "concerning . . . events leading up to and following [Defendant's] arrest[.]" (ECF 108-1 at 4.) The Challenged Subpoena does not specify any temporal limits or relevant individuals and explicitly instructs that the categories of materials demanded should "be construed in the broadest sense." (Id.) As written, the subpoena's language is "virtually limitless in scope," United States v. Xu, No. 23-CR-133-5, 2024 WL 4504352, at *2 (S.D.N.Y. Oct. 16, 2024), and granting it would "almost certainly result in the disclosure of material exceeding the scope of Rule 16 discovery," United States v. Lopez, No. 15-CR-252S3, 2021 WL 4033886, at *2 (E.D.N.Y. Sept. 3, 2021), which exempts from discovery "internal government documents made by . . . government agent[s] in connection with investigating or prosecuting the case," Fed. R. Crim. P. 16(a)(2). Such broad language, "without mention of specific admissible evidence, justif[ies] the inference that the defense is engaging in the type of 'fishing expedition' prohibited by Nixon." United States v. Mendinueta-Ibarro, 956 F. Supp. 2d 511, 513 (S.D.N.Y. 2013) (quotations omitted).

      The Challenged Subpoena also fails the Nixon test because none of the materials sought are likely to be admitted as relevant evidence at trial. To be relevant, a piece of evidence must have a "tendency" to make a "fact of consequence" "more or less probable than it would be without the evidence." Fed. R. Evid. 401. Here, all the materials sought by Defendant relate to the conduct of federal agents who interacted with him on the day of his arrest in October 2022. Defendant argues such materials may be relevant to impeaching the Government's witness in connection with a renewed suppression motion challenging the conclusions set forth in in Judge Ross's previous order. (ECF No. 109 at 17–18.) While some court have concluded that a Rule 17 subpoena may be issued to "compel the production of documents in connection with a suppression hearing,"

5

United States v. Maxwell, No. 20-CR-330, 2021 WL 1625392, at *1 (S.D.N.Y. Apr. 27, 2021), there is no suppression motion pending in this case, nor was one pending at the time the Challenged Subpoena was served on CBP. Since Defendant's suppression arguments have already been resolved, I see no reason—nor has Defendant provided any—why any of the materials sought in the Challenged Subpoena would be deemed relevant to Defendant's defense at trial. Materials that are inadmissible under the Federal Rules of Evidence cannot be obtained via a Rule 17(c) subpoena. See United States v. Klein, No. 16-CR-442, 2017 WL 782326, at *5 (E.D.N.Y. Feb. 28, 2017).

The Government also asserts that the Challenged Subpoena was improperly served because Defendant failed to seek court approval before demanding the production of documents in advance of trial. (See ECF No. 108 at 4–5.) The Court agrees. Moving forward, Defendant must obtain court approval before serving any third-party subpoenas duces tecum with a return date prior to trial. If Defendant wishes to serve any such subpoena on an ex parte basis, he must seek and obtain prior authorization from the Court.

### B. Motion to Compel

In addition to its motion to quash, the Government requests that I order Defendant to disclose to the Government any additional Rule 17(c) subpoenas that Defendant has served and the materials obtained thereby. (ECF No. 108 at 8.) Because ex parte Rule 17(c) subpoenas are permissible in some circumstances, see United States v. Skelos, No. 15-CR-317, 2018 WL 2254538, at *8 (S.D.N.Y. May 17, 2018), the Government's requested blanket ruling would be overbroad.

Given that Defendant has already served at least one improper Rule 17(c) subpoena, however, it is reasonable for the Court to review any other subpoenas duces tecum that Defendant

has served on third parties. Accordingly, Defendant is ordered to file with the Court, on an <u>ex parte</u> basis, a list of any subpoenas he has served on third parties demanding the pretrial production of documents no later than September 21, 2025. For each such subpoena, Defendant should list the identity of the party served, the service date, the return date and location, the documents demanded, and a list of materials produced in response. A copy of each such subpoena should be attached as an exhibit. Additionally, if Defendant believes any such subpoena was appropriately served <u>ex parte</u>, he should set forth the reasons why I should decline to allow the Government to inspect any materials produced prior to trial, as contemplated by Rule 17(c)(1). See <u>United States v. Ray</u>, 337 F.R.D. 561, 571–72 (S.D.N.Y. 2020) (discussing rationale for permitting Rule 17(c) subpoenas to be served <u>ex parte</u>).

## CONCLUSION

The Government's motion to quash the Challenged Subpoena is GRANTED and the Defendant's cross-motion for a so-ordered subpoena is DENIED. The Government's motion to compel disclosure of past Rule 17(c) subpoenas is DENIED. By September 21, 2025, Defendant is ordered to file a list of any other Rule 17(c) subpoenas he has served demanding the production of materials prior to trial. Defendant is also ordered to obtain court approval before serving additional such subpoenas moving forward, in accordance with the instructions above.

**SO ORDERED.**
 Dated:   August 14, 2025
          Brooklyn, New York

                                                        /s/ JMA
                                                JOAN M. AZRACK
                                                UNITED STATES DISTRICT JUDGE

7