

U.S. Department of Justice

United States Attorney
Eastern District of New York

FJN:NDB/KPO
F. #2022R00883/NY-NYE-865

271 Cadman Plaza East
Brooklyn, New York 11201

November 4, 2025

<u>By ECF and E-Mail</u>

The Honorable Joan M. Azrack
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>United States v. Goran Gogic</u>
               <u>Criminal Docket No. 22-493 (JMA)</u>

Dear Judge Azrack:

      The government respectfully submits this letter to supplement its motions <u>in limine</u>, filed June 13, 2025 (ECF No. 96) ("Gov. Mot.") and its supplemental motion <u>in limine</u> filed on October 22, 2025 (ECF No. 147) ("Supplemental Mot.") to move <u>in limine</u> to permit the use of domestic business records the government intends to introduce at trial pursuant to Federal Rules of Evidence 803(6) and 902(11). The government has previously moved to admit business records and is now supplementing its request to notify the defendant of an additional business record as well as public records pursuant to Federal Rule of Evidence 902(1). To date, the defendant has not agreed to any stipulations.

      The government should be permitted to authenticate and admit records from Avianca S.A. and U.S. Customs and Border Protection ("CBP") because it is proper under the law and would promote judicial efficiently by eliminating several witnesses who would otherwise testify only about the authenticity of business or public records. The government has provided the records and certifications to the defense on a rolling basis, as they have become available. Specifically, the government is now identifying the following additional records and certifications:

| Custodian | Certification | Corresponding Bate-Stamped Records |
|---|---|---|
| Avianca S.A. | GOGIC005945 - GOGIC004946 and GX305-C | GOGIC005945 - GOGIC005946 and GX 305 |
| U.S. Customs and Border Protection | GOGIC005688 and GX 310-C | GOGIC005684 - GOGIC005687 and GX 310 |

      The government encloses the certifications and documents for the Court's inspection and submits that they satisfy the relevant evidentiary requirements.  See Exhibit A.  The government may, of course, receive additional certifications and expects those certifications to likewise satisfy the relevant evidentiary requirements.  The government will continue working with defense counsel toward stipulations concerning these records; however, in the event that those efforts fail (as they have to date), the government should be permitted to authenticate and offer as evidence the attached records pursuant to Rules 902(1) and 902(11).

      Regarding the Avianca S.A. records, the government has previously written on the admissibility of business records and incorporates its prior motions in limine here.  The government intends to offer excerpts of ("CBP") stow plans for the three ships related to the charged conduct in counts two through four.  The stow plans are records that are routinely in the custody of CBP for non-prosecutorial, routine purposes, are non-testimonial, and admissible.  *See United States v. Feliz*, 467 F.3d 227 (2d Cir. 1990) (holding that autopsy reports prepared for medical, non-prosecutorial, purposes fall under this exception).  *See also Melendez-Diaz v. Massachusetts*, 577 U.S. 305 (2009) (defining "testimonial" statements as those made under circumstances that would lead an objective witness to expect their use at trial).   The government expects that these records will be relevant to the location of containers on the ships at the time of the seizures.  All these records are public records that are certified by the seal and signature of Bradley B. Birch, Custodian of Records for CBP's Automated Targeting System certifying that the records are true and complete copies of the records on file at CBP.  Accordingly, the government seeks a pretrial ruling that these records may properly be authenticated as self-authenticating public records.  See Fed. R. Evid. 902(1).

I. Conclusion

      Accordingly, the government should be permitted to authenticate GX 305 and GX 310 in addition to the records upon which the government previously moved.

      Respectfully submitted,

      JOSEPH NOCELLA, JR.
      United States Attorney

By:   /s/Katherine P. Onyshko
      Katherine P. Onyshko
      Nomi D. Berenson
      Francisco J. Navarro
      Assistant U.S. Attorneys
      (718) 254-700

cc:    Clerk of Court (JMA)
       Counsel of Record (by email)

# Exhibit A