**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

FJN:NDB/KPO
F. #2022R00883/NY-NYE-865

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 14, 2026

By ECF

The Honorable Joan M. Azrack
United States District Court
225 Cadman Plaza East
Brooklyn, New York, NY 11201

Re: United States v. Goran Gogic
Criminal Docket No. 22-493 (JMA)

Dear Judge Azrack:

The government respectfully writes to apprise the Court and the defendant that, in advance of trial, it has identified a European law enforcement witness that will address the authentication concerns the Court articulated in its October 31, 2025 opinion and order regarding communications sent via the encrypted messaging application Sky ECC (the "Sky evidence"). (Doc. No. 160.) The witness will testify based on personal experience and knowledge and the anticipated testimony is enclosed, under seal.[1]

The proffered witness was "personally involved in the [Sky] investigation," and has "general practice" reviewing the Sky evidence "intercepted [and decrypted] during the investigation." As such, he is qualified to authenticate and introduce the evidence pursuant to the Court's order and Second Circuit precedent. *See United States v. Rommy*, 506 F.3d 108 (2d Cir. 2007) (rejecting an authentication challenge to a Dutch wiretap transcript where the government had offered a Dutch law enforcement officer "personally involved in the wiretap investigation

[1] The government submits this information under seal and redacts the witness' name and identifying biographical information as reasonable measures to protect the witness and his/her family. Notably, due to the high-profile nature of the Sky investigation and the many cases that it produced, the identities of the law enforcement officers at the center of the investigation have been shielded to the greatest extent possible. Some, including the government's anticipated witness, have received death threats deemed credible and, consequently, had to uproot their families to maintain their safety. The government anticipates disclosing the identity of its witness to defense counsel two weeks before trial, as it typically does. In advance of trial, the government also anticipates moving for additional safeguards pertaining to this witness including, for example, precluding cross-examination concerning the witness' unrelated, ongoing investigations without first identifying any relevance or proper theory for cross-examination.

[who] had general practice upon listening to calls intercepted during the investigation" together with evidence that the Netherlands had transmitted the evidence to the government pursuant to a mutual legal assistance treaty between the United States and the Netherlands sufficiently authenticated the evidence.) The government therefore respectfully moves *in limine* for a ruling by the Court that it may introduce the Sky evidence through this witness.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: /s/ Nomi Berenson
Nomi Berenson
Francisco J. Navarro
Katherine P. Onyshko
Assistant United States Attorneys
(718) 254-7000

cc: Alan Futerfas, Stephanie Guaba, Phyllis Malgieri, defense counsel
Clerk of the Court (JMA) (by ECF) (without enclosure)