UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GORAN GOGIC,<br><br>Defendant. | Case No. 22 Cr. 493 (JMA) |

**GORAN GOGIC'S OPPOSITION TO THE GOVERNMENT'S MOTION FOR AN ANONYMOUS AND PARTIALLY SEQUESTERED JURY**

Alan S. Futerfas
Stephanie Guaba
Law Offices of Alan S. Futerfas
565 Fifth Avenue, 9th Floor
New York, New York 10017
(212) 684-8400
asfuterfas@futerfaslaw.com
sguaba@futerfaslaw.com

*Counsel for Goran Gogic*

## TABLE OF CONTENTS


PRELIMINARY STATEMENT ........ 1

BACKGROUND ........ 1

ARGUMENT ........ 2

POINT I
The Government Has Not Met The Standard For An Anonymous And Partially Sequestered Jury ........ 2

POINT II
An Anonymous Or Partially Sequestered Jury Would Require The Use Of Jury Questionnaires ........ 10

CONCLUSION ........ 11

## TABLE OF AUTHORITIES

### CASES

*United States v. Ashburn*,
No. 13-CR-0303 NGG, 2014 WL 5800280 (E.D.N.Y. Nov. 7, 2014) ........................................3

*United States v. Augustine*,
No. 18 CR 393 (SJ) (RML), 2021 WL 2453943 (E.D.N.Y. June 16, 2021) ..............................3

*United States v. Dervishaj*,
2015 WL 3794803 (E.D.N.Y. June 17, 2015) ..............................................................10

*United States v. Escobar*,
No. 21-CR-101 (JFB) (SIL), 2024 WL 4803177 (E.D.N.Y. Nov. 15, 2024)..............................3

*United States v. Fortunato*,
No. 02-CR-47 (S-3) (ILG), 2002 WL 31946813 (E.D.N.Y. Dec. 17, 2002)...........................2, 3

*United States v. Garcia Luna*,
No. 19-CR-576 (BMC) (E.D.N.Y. July 5, 2022) (Doc. No. 103) ..............................................9

*United States v. Gotti*,
459 F.3d 296 (2d Cir. 2006) ..............................................................................10

*United States v. Guzman Loera*,
No. 09-CR-466 (BMC) (E.D.N.Y. Feb. 5, 2018) (Doc. No. 187)..............................................9

*United States v. Herron*,
2 F. Supp. 3d 391 (E.D.N.Y. 2014),
*aff'd*, 762 F. App'x 25 (2d Cir. 2019)..........................................................................7

*United States v. Jordan*,
No. 20-CR-305 (LDH) (E.D.N.Y. Jan. 13, 2023)..............................................................9

*United States v. Kadir*,
718 F.3d 115 (2d Cir. 2013) ..............................................................................10

*United States v. Kandic*,
No. 17-CR-449 (S-1) (NGG) (RER), 2021 WL 5505832 (E.D.N.Y. Nov. 24, 2021)...........3, 10

*United States v. Kaziu*,
559 F. App'x 32 (2d Cir. 2014) ..............................................................................10

*United States v. Kelly*,
No. 19-CR-286 (AMD), 2020 WL 8482693 (E.D.N.Y. Oct. 8, 2020)........................................9

*United States v. Krasniqi*,
No. 25-CR-385 (JMA) (E.D.N.Y.) ....................4

*United States v. Melendez*,
743 F. Supp. 135 (E.D.N.Y. 1990) ....................2

*United States v. Millan-Colon*,
834 F. Supp. 78 (S.D.N.Y. 1993) ....................5

*United States v. Mostafa*,
7 F. Supp. 3d 334 (S.D.N.Y. 2014) ....................6

*United States v. Paccione*,
949 F.2d 1183 (2d Cir. 1991) ....................2, 3

*United States v. Pica*,
692 F.3d 79 (2d Cir. 2011) ....................10

*United States v. Prado*,
No. 10-CR-74 (JFB), 2011 WL 3472509 (E.D.N.Y. Aug. 5, 2011)....................3

*United States v. Quinones*,
511 F.3d 289 (2d Cir. 2007) ....................10

*United States v. Rivera*,
60 F. App'x 854 (2d Cir. 2003) ....................10

*United States v. Suarez*,
No. 16-CR-403 (JFB) (20), 2020 WL 7699663 (E.D.N.Y. Dec. 28, 2020) ....................10

*United States v. Thai*,
29 F.3d 785 (2d Cir. 1994) ....................10

*United States v. Thomas*,
757 F.2d 1359 (2d Cir. 1985) ....................2

*United States v. Tutino*,
883 F.2d 1125 (2d Cir. 1989) ....................10

*United States v. Vario*,
943 F.2d 236 (2d Cir. 1991) ....................5, 7

*United States v. Williams*,
No. 13-CR-419 (S-2) (DLI), 2016 WL 4536864 (E.D.N.Y. Aug. 30, 2016) ....................4, 5

*United States v. Wilson*,
493 F. Supp. 2d 397 (E.D.N.Y. 2006) ....................3

**STATUTES**

21 U.S.C. § 960(b)(1)(B)(ii) .................................................................................................1

46 U.S.C. § 70503(a)(1)........................................................................................................1

46 U.S.C. § 70503(b) ...........................................................................................................1

46 U.S.C. § 70504(b)(2) .......................................................................................................1

46 U.S.C. § 70506(a) ...........................................................................................................1

46 U.S.C. § 70506(b) ...........................................................................................................1

**OTHER AUTHORITIES**

Press Release, U.S. Attorney's Office, Eastern District of New York, *Montenegrin National Charged in Brooklyn Federal Court with Maritime Narcotrafficking of Over 20 Tons of Cocaine* (Oct. 31, 2022) ..................................................6

Press Release, U.S. Attorney's Office, Eastern District of New York, *Three Staten Island Men Plead Guilty for Attempting to Bribe a Juror in a Criminal Trial in the Eastern District of New York* (May 5, 2026) ..........................................................6

Press Release, U.S. Attorney's Office, Eastern District of New York, *Two Staten Island Men Indicted for Attempting to Bribe a Juror in a Criminal Trial in the Eastern District of New York* (Dec. 12, 2025) ....................................................................6

## PRELIMINARY STATEMENT

Defendant Goran Gogic respectfully submits this Memorandum of Law in opposition to the government's motion for an anonymous and partially sequestered jury.

## BACKGROUND

On or about October 28, 2022, a grand jury in the Eastern District of New York returned a four-count Indictment charging Mr. Gogic with one count of conspiracy to violate the Maritime Drug Law Enforcement Act ("MDLEA") and three substantive counts of violating the MDLEA, in violation of Title 46, United States Code, Sections 70503(a)(1), 70503(b), 70504(b)(2), 70506(a) and 70506(b), and Title 21, United States Code, Section 960(b)(1)(B)(ii). ECF No. 1. The broad allegations in the Indictment arise out of an alleged international narcotrafficking conspiracy that used commercial container maritime vessels that transited from South America to the United States and to Europe. ECF No. 3 at 3.

On or about October 30, 2022, federal agents arrested Mr. Gogic as he was boarding an international flight departing Miami, Florida to Zurich, Switzerland. *Id.* at 2. Mr. Gogic is a citizen of Montenegro and does not have legal immigration status in the United States. *Id.* at 6. Prior to his arrest, he had never traveled to the United States, including to the Eastern District of New York. *Id.* On or about October 24, 2022, Mr. Gogic entered the United States for the first time in his life to visit San Juan, Puerto Rico. On October 30, 2022, after an approximately six-day trip, Mr. Gogic was leaving the United States to return to Europe. He has no known ties to the United States. *Id.*

For about three years, this case was prepared for trial and, indeed, jury selection began on November 3, 2025, before the Honorable Clay H. Kaminsky, United States Magistrate Judge for the Eastern District of New York. (Minute Entry dated November 5, 2025.) Trial was scheduled

to begin before the Court on November 17, 2025. (Scheduling Order dated November 10, 2025.) No anonymous or sequestered jury was requested. Due to allegations of jury tampering, the Court dismissed the venire and adjourned the trial. ECF No. 184. Eventually, undersigned counsel appeared for Mr. Gogic. ECF No. 207.

## ARGUMENT

## POINT I

## THE GOVERNMENT HAS NOT MET THE STANDARD FOR AN ANONYMOUS AND PARTIALLY SEQUESTERED JURY

### A. Applicable Legal Standard

"[T]he impanelling of an anonymous jury—and its impact on the presumption of innocence must [] receive close judicial scrutiny and be evaluated in the light of reason, principle and common sense." *United States v. Thomas*, 757 F.2d 1359, 1363 (2d Cir. 1985). "In general, the court should not order the empaneling of an anonymous jury without (a) concluding that there is strong reason to believe the jury needs protection, and (b) taking reasonable precautions to minimize any prejudicial effects on the defendant and to ensure that his fundamental rights are protected." *United States v. Paccione*, 949 F.2d 1183, 1192 (2d Cir. 1991). "Within these parameters, the decision whether or not to empanel an anonymous jury is left to the district court's discretion." *Id*. Ultimately, "the interests to be balanced in the interest of the criminal justice system are, on the one hand, protecting the jurors and their families from actual or threatened violence, protecting them from the potential taint of extensive trial-related publicity, and sensitivity to the jurors' right of privacy—and, on the other hand, the defendants' interests in conducting a meaningful *voir dire,* retaining the presumption of innocence, and their Sixth Amendment rights." *United States v. Fortunato*, No. 02-CR-47(S-3) (ILG), 2002 WL 31946813, at *1 (E.D.N.Y. Dec. 17, 2002). As stated by the court in *Fortunato*, "[i]n *United States v.*

*Melendez,* 743 F.Supp. 135, 137 (E.D.N.Y.1990), Judge Spatt alluded to three additional guideposts properly considered by a court in its determination of a motion such as this, viz.: (1) the seriousness of the offenses charged and whether they are alleged to have been committed in the context of a large scale criminal organization and whether the defendants have access to means to harm jurors: (2) whether the defendants have engaged in past attempts to interfere with the working of the judicial process, such as jury tampering or attempts to evade prosecution; and (3) the nature and degree of pretrial and expected publicity." *Id.* Courts in the Second Circuit continue to use these factors today. *See United States v. Ashburn*, No. 13-CR-0303 NGG, 2014 WL 5800280, at *3 (E.D.N.Y. Nov. 7, 2014); *United States v. Prado*, No. 10-CR-74 JFB, 2011 WL 3472509, at *4 (E.D.N.Y. Aug. 5, 2011); *United States v. Escobar*, No. 21-CR-101(JFB)(SIL), 2024 WL 4803177, at *3 (E.D.N.Y. Nov. 15, 2024); *United States v. Kandic*, No. 17-CR-449 (S-1) (NGG) (RER), 2021 WL 5505832, at *2 (E.D.N.Y. Nov. 24, 2021); *United States v. Wilson*, 493 F. Supp. 2d 397, 398 (E.D.N.Y. 2006).

Courts in the Second Circuit also utilize the *Paccione* standard to determine whether to order the partial sequestration of a jury. *See United States v. Augustine*, No. 18 CR 393 (SJ) (RML), 2021 WL 2453943, at *1 (E.D.N.Y. June 16, 2021). Again, "[i]n reviewing a challenge to the use of a partially sequestered jury, a court must 'balance the defendant's interest in conducting meaningful *voir dire* and in maintaining the presumption of innocence, against the jury member's interest in remaining free from real or threatened violence and the public interest in having the jury render a fair and impartial verdict.' Within these parameters, the decision whether to empanel a partially sequestered jury is left to the district court's discretion." *Id.* (citing *United States v. Prado*, No. 10-cr-74 (JFB), 2011 WL 3472509, at *2 (E.D.N.Y. Aug. 5, 2011)).

**B. Discussion**

The government's motion provides several reasons that it contends support the use of an anonymous and partially sequestered jury. All but one predates the first trial. None were raised until the instant motion. The only new information cited in the government's motion is that "three individuals were charged and convicted of obstruction of justice for jury tampering in the *Gogic* trial." Gov't Mot. at 14. [1] Importantly, the government has not alleged that Mr. Gogic was involved in that conduct. On its own, this incident does not support the extraordinary measure of ordering an anonymous and partially sequestered jury.

1. Interference With the Judicial Process

The government's primary support for its request for an anonymous and partially sequestered jury is that jury tampering occurred in the first *Gogic* trial. *See* Gov't Mot. at 3-4; 14. Critically, however, the government has not alleged that there was any connection between the jury tampering and Mr. Gogic. *See United States v. Krasniqi et al.*, 25-CR-385 (JMA) ("*Krasniqi*"). Mr. Gogic was not charged in *Krasniqi*, nor has he been identified as someone that was involved in the offense conduct in that case. The criminal complaint in *Krasniqi* describes a thorough and complex investigation into the jury tampering that included government surveillance, phone records, recorded conversations, witness testimony and law enforcement records. *United States v. Krasniqi et al.*, 25-CR-385 (JMA) at ECF No. 1. None allege Mr. Gogic's involvement in the scheme. Mr. Gogic should not be prejudiced in his own criminal case due to the actions of others, particularly where the government does not allege any involvement by Mr. Gogic. In *United States v. Williams*, No. 13CR419S2DLI, 2016 WL

[1] Citations to "Gov't Mot." refers to the memorandum of law in support of the government's motion for an anonymous and partially sequestered jury, ECF No. 218.

4536864, at *4 (E.D.N.Y. Aug. 30, 2016), the Court based its decision on granting an anonymous and partially sequestered jury on the fact that obstruction of charges had been brought and, more specifically, cited the defendant's involvement in the obstructionist conduct.

> An obstruction of justice charge ... has always been a crucial factor in our decisions regarding anonymous juries." *Vario*, 943 F.2d at 240. Here, not only has the government brought an obstruction charge, it has supported this charge with intercepted phone conversations in which Defendant himself agreed to the murder contract. The strength of this evidence distinguishes this case from the cases cited by Defendant, such as *United States v. Millan-Colon*, 834 F. Supp. 78, 84 (S.D.N.Y. 1993), *where the court denied a request for an anonymous jury, in part, because the evidence supporting the government's jury tampering allegation was found wanting*.

*United States v. Williams*, No. 13CR419S2DLI, 2016 WL 4536864, at *4 (E.D.N.Y. Aug. 30, 2016) (emphasis added). Furthermore, the fact that the individuals involved in the first jury tampering scheme were discovered and promptly indicted is enough to dissuade any bad actors from engaging in any wrongdoing moving forward.

It is also relevant that Mr. Gogic has no connections to this or the surrounding districts. Indeed, in support of his continued detention as a flight risk, the government was keen to point out the absence of any association between Mr. Gogic and anyone in the United States. *See* ECF No. 3 at 11 ("a man with no ties to the United States"). Prior to his arrest, Mr. Gogic had never travelled to the United States. At the time of his arrest, Mr. Gogic had spent a total of six days in the United States and had only visited the District of Puerto Rico and the Southern District of Florida. The government has not provided any credible evidence to support the contention that he is capable of directing others to interfere with a judicial process on his behalf while on trial in New York, much less that he did so in or about November 2025.

The remaining allegations relied on by the government predate the first trial and did not yield a request for an anonymous and partially sequestered jury. Several of the allegations are

speculative at best. *See infra* subpoint 3. As for the allegations related to the contact of witnesses, the government's motion demonstrates that current protections are sufficient. Mr. Gogic is being housed at the MDC. His ability to communicate with third parties is limited and he is under constant surveillance. Additional measures are not necessary.

2. Media Coverage

Whether a case receives significant media coverage, on its own, cannot be the basis of granting an anonymous or partially sequestered jury. *United States v. Mostafa*, 7 F. Supp. 3d 334, 338 (S.D.N.Y. 2014) (holding that serious charges and significant media attention on their own do not support the use of an anonymous jury and partial sequestration). The cases are legion in this district where there is very significant media coverage – coverage that far exceeds the attention given to this case – without a request for an anonymous jury. The media coverage cited by the government is already stale and pales in comparison to other, truly high media coverage cases in this district.

Indeed, much of the "substantial international and domestic media coverage" associated with this case is the direct result of the press releases made by the U.S. Attorney's Office.[2] The government cannot use media coverage as both a sword and a shield to impair on a defendant's right to an impartial *voir dire* and fair jury. Mr. Gogic is not a public figure. He is not an

[2] Press Release, U.S. Attorney's Office, Eastern District of New York, Montenegrin National Charged in Brooklyn Federal Court with Maritime Narcotrafficking of Over 20 Tons of Cocaine (Oct. 31, 2022), https://www.justice.gov/usao-edny/pr/montenegrin-national-charged-brooklyn-federal-court-maritime-narcotrafficking-over-20; Press Release, U.S. Attorney's Office, Eastern District of New York, Two Staten Island Men Indicted for Attempting to Bribe a Juror in a Criminal Trial in the Eastern District of New York (Dec. 12, 2025), https://www.justice.gov/usao-edny/pr/two-staten-island-men-indicted-attempting-bribe-juror-criminal-trial-eastern-district; Press Release, U.S. Attorney's Office, Eastern District of New York, Three Staten Island Men Plead Guilty for Attempting to Bribe a Juror in a Criminal Trial in the Eastern District of New York (May 5, 2026), https://www.justice.gov/usao-edny/pr/three-staten-island-men-plead-guilty-attempting-bribe-juror-criminal-trial-eastern.

internationally known drug kingpin. He is not even associated with any of the notorious criminal organizations that are infamous in this and the surrounding districts. *See United States v. Vario*, 943 F.2d 236, 241 (2d Cir. 1991) (holding that a mere mention of organized crime is insufficient to demonstrate that a jury ought to be protected.). He is a foreign national who traveled to the United States for the first time in his life for an approximately six-day trip to attend a World Boxing Organization convention in Puerto Rico. It is unlikely that Mr. Gogic's second trial will garner significant media attention and any media attention can be managed with adequate instructions from the Court.

3. Defendant Dangerousness

Finally, the government contends that an anonymous and partially sequestered jury is appropriate because Mr. Gogic is dangerous. Gov't Mot. at 13-14. The government's contentions are speculative and insufficient – and did not result in a request for an anonymous jury back in November 2025. In its motion, the government alleges that Mr. Gogic allegedly "identified someone as a potential government cooperator, provided his home address, and asked whether the person could be killed." Gov't Mot. at 13. It then concedes in a footnote that "[t]here is some degree of ambiguity due to the defendant's use of imperfect Spanish. However, there is no ambiguity that he identified an individual as a potential cooperator and then immediately discussed the killing of this person." *Id.* at fn. 11. The government acknowledges that the ambiguous communications were obtained through SkyECC ("Sky") communication. *Id.* at 5. Using unproven allegations and ambiguous text messages to justify an extraordinary procedural measure like an anonymous and partially sequestered jury lacks support. *See United States v. Herron*, 2 F. Supp. 3d 391, 398 (E.D.N.Y. 2014), *aff'd*, 762 F. App'x 25 (2d Cir. 2019) (declining to rely on "unidentified 'credible information' [that] is not charged in the indictment

(and therefore is untested by a grand jury) and is unsupported by other evidence or indicia of reliability" to determine whether to order an anonymous and semi-sequestered jury). In any event, the government was fully aware of these conversations before the last trial.

The government next includes an allegation that "[i]n March 2023, MDC staff recovered a different contraband phone from the defendant. A review of that device showed that the defendant used it to direct payments to individuals in Sinaloa, Mexico –*i.e.*, from where the Sinaloa cartel is based to other inmates."[3] Gov't Mot. at 4-5. The government also acknowledged that "[it] does not allege that every communication on that device was the defendant's. Gov't Mot. at fn 5. It can, however, confirm that a review of the device makes plain that the device was principally the defendant's." *Id.*

Again, all of this information was known to the government prior to the last trial. Second, anyone familiar with prison conditions knows that inmates send money to people for many reasons – extra food, assistance to impoverished inmates, a different bunk – the possibilities are numerous. Here, the government's attempt to link Mr. Goran to the Sinaloa cartel is an extreme stretch – certainly not one supporting an anonymous jury. The Court should not consider these unsupported allegations to decide this motion.

4. The Government's Argument That That Anonymous Jury Would Not Impair *Voir Dire* Is Incorrect:

The government's motion minimizes the significance of anonymous and partially sequestered jury. Its impact on the presumption of innocence and right to *voir dire* cannot be understated. Mr. Gogic should not be prejudiced due to the conduct of others in an unrelated case and a scheme that the government does not even attempt to link to Mr. Gogic. Furthermore,

---

[3] It does not appear that the government has produced any of these alleged communications to the defense in discovery or provided them to the defense and the Court in support of its motion.

in its motion, the government contends that "many of the same strong and credible reasons to believe that the jury needs protection that judges in this District have found compelling in other trials" are present here citing the following:

- *United States v. Guzman Loera*, No. 09-CR-466 (BMC) (E.D.N.Y. Feb. 5, 2018) (Doc. No. 187) ("to protect the integrity of the trial and to mitigate any fear of harassment or intimidation in the jurors' minds");
- the trial of top Mexican law enforcement official Genao Garcia Luna, *see United States v. Garcia Luna*, No. 19-CR-576 (BMC) (E.D.N.Y. July 5, 2022) (Doc. No. 103) ("[the] pervasive violence and the broad reach of the cartel makes it reasonably likely that jurors may become fearful for their individual safety if not provided with anonymity" and because the defendant "likely has the intent and resources to engage in witness intimidation and harassment");
- the trial of Robert Sylvester Kelly ("R. Kelly"), *see United States v. Kelly*, No. 19-CR-286 (AMD), 2020 WL 8482693, at *1 (E.D.N.Y. Oct. 8, 2020) (serious pending charges, alleged witness intimidation and other obstructive efforts both by the defendant and others including the defendant's associates); and
- the trial of Karl Jordan, Jr. and Ronald Washington for the murder of Run-D.M.C. deejay Jason Mizell, *see United States v. Jordan*, No. 20-CR-305 (LDH) (E.D.N.Y. Jan. 13, 2023) (defendants' dangerousness, history with attempted witness tampering and ability to potentially tamper with witnesses while incarcerated).

Gov't Mot. at 1-2. Mr. Gogic's case pales in comparison to these infamous defendants who have international recognition, influence, and reach. Mr. Gogic is not a celebrity. Mr. Gogic is not a drug kingpin. Mr. Gogic is not the leader of a dangerous criminal organization. At trial, it is

likely that none of the perspective jurors will have heard his name or know who he is. His presumption of innocence will be shattered by the use of United States Marshals, escorts, and anonymity.

**POINT II**

**AN ANONYMOUS OR PARTIALLY SEQUESTERED JURY WOULD REQUIRE THE USE OF JURY QUESTIONNAIRES**

Should the Court grant either of the government's requests, the Court should direct the parties to submit a joint proposed jury questionnaire in advance of jury selection. *See United States v. Kandic*, No. 17-CR-449 (S-1) (NGG) (RER), 2021 WL 5505832, at *1 (E.D.N.Y. Nov. 24, 2021). "District courts routinely employ questionnaires to facilitate voir dire in a number of circumstances," including "where an anonymous jury is to be empaneled." *United States v. Quinones*, 511 F.3d 289, 299 (2d Cir. 2007) (citing *Thai*, 29 F.3d at 801); *United States v. Dervishaj*, 2015 WL 3794803, at *1 (E.D.N.Y. June 17, 2015) (same). A questionnaire allows a more probing search for bias, and allows the parties to ask questions that couldn't be asked in open court (jurors' ages, occupations, places of residence, etc.) without rendering anonymity ineffectual. Second Circuit decisions upholding the empanelment of anonymous juries regularly note the use of a questionnaire. *See, e.g., United States v. Suarez*, No. 16-CR-403 (JFB)(20), 2020 WL 7699663, at *7 (E.D.N.Y. Dec. 28, 2020); *United States v. Kaziu*, 559 F. App'x 32, 38 (2d Cir. 2014); *United States v. Kadir*, 718 F.3d 115, 120 (2d Cir. 2013); *United States v. Pica*, 692 F.3d 79, 88 (2d Cir. 2011); *Quinones*, 511 F.3d at 297; *United States v. Gotti*, 459 F.3d 296, 345 (2d Cir. 2006); *United States v. Rivera*, 60 F. App'x 854, 858 (2d Cir. 2003); *United States v. Thai*, 29 F.3d 785, 801 (2d Cir. 1994); *United States v. Tutino*, 883 F.2d 1125, 1133 (2d Cir. 1989).

## CONCLUSION

For the foregoing reasons, Goran Gogic respectfully requests that the government's motion be denied, and any other relief that the Court deems just and proper.

Dated: October 20, 2026
New York, New York

Respectfully submitted,

/s/

Alan S. Futerfas
Stephanie Guaba

Law Offices of Alan S. Futerfas
565 Fifth Avenue, 9th Floor
New York, New York 10017
Tel: (212) 684-8400

*Counsel for Goran Gogic*